**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL a.k.a. ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, and MATTHEW WRIGHT,<br><br>*Plaintiffs*,<br><br>v.<br><br>KIRSTJEN NIELSEN, Secretary of the U.S. Department of Homeland Security, in her official capacity; KEVIN MCALEENAN, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and THOMAS HOMAN, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,<br><br>*Defendants*. | Civil Action No. 17-11730 (DJC) |

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Amicus curiae* Constitutional Accountability Center respectfully moves for leave to file the attached brief in support of plaintiffs' opposition to defendants' motion to dismiss. In support of this motion, *amicus* states:

1.   Constitutional Accountability Center (CAC) is a think tank, public interest law firm, and action center dedicated to fulfilling the progressive promise of our Constitution's text and history. CAC works in our courts, through our government, and with legal scholars and the public to improve understanding of the Constitution and preserve the rights, freedoms, and

structural safeguards that our nation's charter guarantees. CAC has a strong interest in ensuring that the Constitution applies as robustly as its text and history require and accordingly has an interest in this case.

2. This Court has "broad discretion" to allow third parties to file *amicus curiae* briefs. *Auto. Club of N.Y. v. Port Auth. of N.Y. and N.J.*, No. 11-6746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *see Boston Gas Co. v. Century Indem. Co.*, No. 02-12062, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) (although "no procedural rule provides for filing of *amicus* briefs in federal district court, courts have inherent authority and discretion to appoint *amici*"). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Northern Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

3. The proposed, attached *amicus curiae* brief plainly satisfies these standards. This case presents the question whether the traditional border search exception to the Fourth Amendment's warrant requirement permits searching and seizing the information contained in modern electronic devices. Digital files stored on these devices are "papers" within the meaning

of the Fourth Amendment, and the attached brief explains why such papers deserve greater protection than other objects and effects when a court must assess the reasonableness of a search or gauge its intrusion on privacy. *Amicus* is well positioned to describe the central role that oppressive searches of personal papers played in the development of the search and seizure doctrine that culminated in the Fourth Amendment, as well as the degree to which personal papers have enjoyed broad constitutional protection from government scrutiny throughout American history. Moreover, the attached brief explains that the border search exception has not traditionally served as a license to read the personal papers carried by international travelers, and thus cannot justify inspection of a traveler's entire digital library.

   4. Counsel for plaintiffs and counsel for defendants have consented to the filing of this brief.

   For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is enclosed with this motion.

                Respectfully submitted,

Dated: February 2, 2018      /s/ David J. Nathanson
                 David J. Nathanson
                 BBO No. 633772
                 Chauncey B. Wood
                 BBO No. 600354
                 WOOD & NATHANSON, LLP
                 50 Congress Street, Suite 600
                 Boston, MA 02109
                 Tel.: (617) 248-1806
                 Fax: (866) 807-4618
                 dnathanson@woodnathanson.com
                 cwood@woodnathanson.com

                 Elizabeth B. Wydra
                 Brianne J. Gorod
                 Brian R. Frazelle
                 CONSTITUTIONAL ACCOUNTABILITY CENTER
                 1200 18th Street, N.W., Suite 501

Washington, DC 20036
Tel.: (202) 296-6889
Fax: (202) 296-6895
elizabeth@theusconstitution.org
brianne@theusconstitution.org
brian@theusconstitution.org

*Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2018, the foregoing document was filed with the Clerk of the Court, using the ECF system, causing it to be served on all counsel of record.

Dated:  February 2, 2018

                                            <u>/s/ David J. Nathanson</u>
                                            David J. Nathanson