**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL AKA ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, AND MATTHEW WRIGHT, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 17-cv-11730-DJC |
| v. | ) ) ) | Hon. Denise J. Casper |
| KIRSTJEN NIELSEN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; KEVIN MCALEENAN, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY; AND RONALD VITIELLO, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] AGREED PROTECTIVE ORDER

Upon consideration of the Joint Motion for Entry of a Protective Order by Plaintiffs and Defendants, captioned above, the Court finds that such an order will expedite the exchange of discovery material in the above-captioned matter (the "Litigation"), facilitate the prompt resolution of disputes over confidentiality, and protect discovery material entitled to be kept confidential. Disclosure and discovery activity in this action are likely to involve production of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a. Accordingly, the

– 1 –

parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order.

Therefore, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED that the parties' Joint

Motion for Protective Order is GRANTED, and it is FURTHER ORDERED that the following

provisions shall govern the use and disclosure of documents and information covered by this

Order:

**1.      Documents and Information Covered by this Order**

(a)   This Order shall govern the use and disclosure of (1) any document, information or

tangible things protected by the Privacy Act, 5 U.S.C. § 552a, et seq., or information that would

be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a

person lawfully admitted for permanent residence, (2) personally identifiable information, and (3)

all protected documents, information or tangible things that the parties agree in writing, or the

Court orders, qualify for protection under Federal Rule of Civil Procedure 26(c), and are thus

"Covered Information."

(b)   Documents, information or tangible items will be protected under this Order when

they are designated by a Party as being subject to this Protective Order by marking the document,

information or tangible item as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or

by means of a similar marking. Any deposition testimony deemed to constitute Covered

Information should be so designated by written notice within 30 days of receipt of the Transcript,

and all deposition testimony (including the corresponding video testimony, if any) shall be

treated as Covered Information until such deadline has passed. The designating party shall

provide copies of all such marked documents, information or tangible items to all other parties.

For any document, information or tangible item, such as computer data, whose medium makes

– 2 –

such a marking impractical, the compact disc case or other enclosure and any accompanying

paper or e-mail cover letter shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER" or with a similar marking in a way that brings its attention to a reasonable examiner.

Designation and marking in accordance with this paragraph shall be deemed effective to bring

information contained in such documents, information or tangible item under the protection of

this Order unless and until the Court orders otherwise.

(c)  Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

disclosure of Covered Information under this Order must be clearly so designated before the

material is disclosed or produced.

(d)  Except as specified below, all information derived from Covered Information, even if

incorporated in another document or compilation or referred to in testimony, shall be defined as

Covered Information.  Covered Information shall continue to be subject to the requirements of

this Order regardless of whether the document or compilation or testimony containing

information derived from Covered Information has been marked in accordance with paragraph

1(b).

## 2.        Exercise of Restraint and Care in Designating Material for Protection

Each party that designates information or items for protection under this agreement must

take care to limit any such designation to specific material that qualifies under the appropriate

standards. To the extent it is practical to do so, the designating party must designate for

protection only those parts of material, documents, or items that qualify (e.g., by making

appropriate markings in the margins), so that other portions of the material, documents, or items

for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**3.      Challenging Protected Material Designations**

(a) <u>Timing of Challenges</u>. Any party may challenge, in writing, a designation of protected material at any time up to 30 days after the close of discovery. In the case of deposition testimony that is designated as Covered Information after the close of discovery (*see supra* Section 1(b)), such challenge may be made at any time up to 30 days after designation of the deposition transcript or testimony as Covered Information.

(b) <u>Meet and Confer</u>. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to a designation of protected material is being made in accordance with this section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the service of notice. In conferring, the challenging party must explain the basis for its belief that the designation of protected material was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

(c) <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion challenging the designation of protected material. Each such motion must include a certification or be accompanied by a

– 4 –

competent declaration affirming that the movant has complied with the meet and confer

requirements imposed in the preceding paragraph. The burden of persuasion in any such

challenge proceeding shall be on the designating party, to the extent consistent with applicable

law. In the event of a challenge to a designation of protected material, all parties shall continue to

afford the material in question the protection to which it is entitled under the producing party's

designation until the Court rules on the challenge.

**4.     Use and Disclosure of Covered Information**

(a)  The documents and materials protected under this Order shall not be used for any

purpose other than litigating or attempting to settle this case.

(b)  The documents and materials protected hereunder may be disclosed to the following

persons only:

1.     The parties, including their counsel of record, the staff of their counsel of

record, and any outside counsel with whom their counsel of record enter into a co-counsel

agreement for purposes of this litigation;

2.     Bona fide employees of the signatories, while assisting in accomplishment

of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform

same;

3.     The experts, investigators or consultants or others retained by the parties,

while assisting in the accomplishment of the aforementioned purposes, with disclosure only to

the extent necessary to enable them to perform same;

4.     Any person who gives or will provide testimony in the action, during

deposition or trial or preparation for the same; however, the materials may not be thereafter

retained by any such person;

      5.    The Court, the staff of the Court and any jury empaneled in this action; and

      6.    All attorney service providers assisting in accomplishment of the foregoing purposes on behalf of any party, with disclosure only to the extent necessary to enable them to perform same.

(c)  While a party may disclose materials protected by this Order to any person in the above-specified categories, for any recipient in categories (3) and (4) above, a party shall advise such person as to the contents, force, and effect of this Protective Order. Furthermore, for any recipient in categories (3) and (4), the disclosing party shall obtain and maintain such person's signature on a copy of the Confidentiality Undertaking form attached to this Protective Order, signifying that person's commitment to abide by the provisions hereof and submission to this Court's jurisdiction.

(d)   In the event that any person in categories (3) and (4) above refuses to sign the Confidentiality Undertaking form with respect to discovery material designated to be within the scope of paragraph 1(a), no Covered Information may be disclosed to such person, except (1) when otherwise ordered by the Court, or (2) with the prior written consent of the Producing Party that originally designated such Covered Information as containing information within the scope of paragraph 1(a) of this Order and subject to any procedures that the Producing Party may require to maintain the confidentiality of such Covered Information.

(e)  All executed Confidentiality Undertaking forms shall be retained by Counsel for the party which obtained the Undertaking until such time as this litigation, including all appeals, is

concluded and shall be available to the other party, or his agents or counsel, upon request to the Court for good cause shown.

(f) Unless the opposing party provides consent, a party shall not otherwise disclose the materials protected by this Order without first obtaining from the Court an Order, upon appropriate motion, using the process set forth in section 6 below, permitting such further disclosure.

(g)   Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Covered Documents and Covered Information received by a party during the course of this Litigation may be used only in connection with the prosecution or defense of this Litigation.

**5.      Inadvertent Failure to Designate and Inadvertent Disclosure**

(a)  Inadvertent Failure to Designate.  A Producing Party may notify the Receiving Party that a document or information produced in discovery that should have been designated as Covered Information, and marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under the terms of this Order, was inadvertently produced without being designated and marked as such.  Upon receiving such notice from the Producing Party, the Receiving Party shall immediately treat the documents and information as if it had been so designated, and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, however, the relevant documents and information shall be treated as Covered Information in accordance with this

Order.

(b)  Inadvertent Disclosure.  If a Receiving Party discloses Covered Information to any person not authorized to receive such disclosure, the Receiving Party must, upon learning that such disclosure has been made:  (1) inform the Designating Party, and state the facts and circumstances of such disclosure; and (2) request the return of the Covered Information from the unauthorized person and seek to minimize any further unauthorized disclosure.

**6.      Filing of Covered Information**

(a)      If a party's pleadings, briefs, exhibits thereto, or other court papers ("papers") contain Covered Information, that party shall file a complete copy of such papers under seal (*i.e.*, closed to inspection by the public), provided that:

(i)      simultaneously with that filing, that party shall serve a complete copy of such papers on opposing counsel;

(ii)      within one week after the close of summary judgment briefing, that party shall serve on opposing counsel a proposed set of redactions of the Covered Information in such papers; and

(iii)      within three weeks of the close of summary judgment briefing, if the parties can agree on proper redactions, then that party shall file a public redacted copy of such papers; but if the parties cannot agree on proper redactions, then that party shall file under seal their proposed set of redactions, with a motion explaining the dispute, and opposing counsel shall have one week to respond. In the case of such redaction disputes, the burden of persuasion shall be on the party seeking the broader set of redactions to show good cause for the broader redactions they seek.

(b)  Except at trial, prior to using any Covered Information in open court, counsel shall confer regarding such procedures as are necessary to protect the nondisclosure of the subject discovery material.

## 7.    Use of Covered Documents and Covered Information at Trial

Nothing in this Order shall be construed as limiting the right of either party to introduce Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.  Either party may approach the Court before trial to propose a plan for the use of Covered Information at trial.  Nothing herein, however, shall prevent a party from opposing any such plan.

## 8.    Further Requests for Production

Any person or party receiving Covered Information that receives a request or subpoena for production or disclosure of such information shall promptly give notice by email to the Producing Party that originally designated such information as being within the scope of paragraph 1(a) of this Order. That notice must identify the information sought and enclose a copy of the subpoena or request.  Provided that the Designating Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the Designating Party, or until ordered to do so by a court of competent jurisdiction.

## 9.    Order Not To Be Construed As a Waiver

Each party reserves the right to move to modify the terms of this Order at any time.  By consenting to this Order, no party hereto shall be deemed to have waived its right to seek a

Protective Order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each party reserves the right to oppose any motion to modify the terms of the Order.  Nothing in this Order shall be construed as a waiver of a party's right to challenge by motion a party's designation of materials as "Covered Documents" subject to this Protective Order or to challenge a motion to file a document under seal or move to unseal documents so filed.  Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.  This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the parties reserve their right to object to discovery on any appropriate ground.

10. **Miscellaneous Provisions**

The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure and the Local Rules, except as its terms otherwise provide.  For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 shall apply. Nothing in this Order shall prevent disclosure as required by law or compelled by order of any court.  Nothing in this Order shall be construed to confer rights on any third party.  Nothing in this order shall be construed to independently require the disclosure of classified information or information the disclosure of which is prohibited by law or statute.

11. **Termination of Litigation**

Within sixty (60) days after final conclusion of all aspects of this Litigation, including any appeals, any party or person who received Covered Information must certify to the opposing

parties that those documents or materials (i) have been returned to the Producing Party, or (ii) have been destroyed. However, a party's counsel may retain a copy of all materials filed with the Court, including exhibits filed under seal, counsel's file copies of expert reports, depositions, hearings, trial transcripts, and attorney work product.  Defendants may retain other documents and records that are required to be retained by Defendant under the Federal Records Act or any other applicable federal law or regulation.  Any Covered Information retained by a party remains subject to the provisions of this Order after final termination of this Litigation.

**12.     Producing Parties' Reliance on Order**

Production of Covered Information will be made in express reliance upon the terms of this Order.

**13.     Consent to Jurisdiction**

Any person or party receiving any Covered Information in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**14.     Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel.

**15.     Use of Own or Public Information**

(a)  Nothing in this Order shall impose any restriction on the use of or disclosure by a party of its own information, including the use of or disclosure by a Defendant or Defendant's employees of information subject to the requirements of the Privacy Act.  Nor shall this Order be

construed to prevent a party from disclosing a Covered Document to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

(b) Nothing in this Order shall preclude a party from relying on or filing on the public record any information that is in the public domain as a result of publication not involving a violation of this Order, even if the same or similar information has been designated as Covered Information in the context of records produced in discovery under the auspices of this Order. The fact that such information is in the public domain shall not, however, provide a party an automatic right to publicly file Covered Information. If a party wishes to argue that the fact that certain information is in the public domain should result in the de-designation or public filing of Covered Information, it shall proceed in accordance with the provisions of this Order.

## 16.    Binding on Parties

Execution of this Protective Order by counsel for a party shall constitute a representation by counsel that they, all persons employed by their firm who have access to Covered Information, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

AGREED TO BY:

ADAM SCHWARTZ
SOPHIA COPE
AARON MACKEY
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333 (phone)
(415) 436-9993 (fax)
adam@eff.org
sophia@eff.org
amackey@eff.org


ESHA BHANDARI
HUGH HANDEYSIDE
*/s/ Nathan Wessler*
NATHAN FREED WESSLER
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (phone)
(212) 549-2583 (fax)
ebhandari@aclu.org
hhandeyside@aclu.org
nwessler@aclu.org


MATTHEW R. SEGAL
JESSIE J. ROSSMAN
American Civil Liberties Union Foundation
    of Massachusetts
211 Congress Street
Boston, MA 02110
(617) 482-3170 (phone)
(617) 451-0009 (fax)
jrossman@aclum.org


*Attorneys for Plaintiffs*

U.S. DEPARTMENT OF JUSTICE

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

DIANE KELLEHER
Assistant Director, Federal Programs Branch

*/s/ Michael Drezner*
Marsha Stelson Edney
Senior Trial Counsel
Michael Drezner
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division/Federal Programs
Mail:   P.O. Box 883
Washington, DC 20530
Street:  20 Massachusetts Avenue, N.W.,
Rm. 7146
Washington, DC 20001
T: (202) 514-4505
Email: Michael.Drezner@usdoj.gov

*Attorneys for Defendants*


ORDERED this _____day of_____ , 2018.


                                    _____
                                    UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL AKA ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, AND MATTHEW WRIGHT, ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 17-cv-11730-DJC |
| ) | Hon. Denise J. Casper |
| v. ) | |
| ) | |
| KIRSTJEN NIELSEN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; KEVIN MCALEENAN, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY; AND RONALD VITIELLO, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY, ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## CONFIDENTIALITY UNDERTAKING

I hereby certify that:  (i) I have read the Protective Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Covered Documents and Covered Information subject to the terms of the Order are being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Covered Documents and Covered Information under the Order and limiting the use of such material; (iv) I hereby submit to the

jurisdiction of the United States District Court for the District of Massachusetts for purposes of

enforcement of the Order; and (v) I understand that violation of the Order may be punishable by

contempt of Court and may be subject to such further relief as the Court may order.


Dated:_____          Signature:_____

                                                Print name:_____