IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GHASSAN ALASAAD, et al.,        ) | |
|        ) | |
|      Plaintiffs,        ) | |
|        ) | |
|      v.        ) | Civil Action No. 17-cv-11730-DJC |
|        ) | |
| KIRSTJEN NIELSEN, et al.,        ) | |
|        ) | |
|      Defendants.        ) | |
|        ) | |

**JOINT STATUS REPORT REGARDING FURTHER STAY
OF DISCOVERY AND BRIEFING DEADLINES**

Pursuant to this Court's order of January 4, 2019 (ECF. No. 75), the parties submit this joint status report setting forth their positions on whether the Court should extend the stay of discovery and summary judgment briefing deadlines in the above-captioned case. The parties make this submission in lieu of any separate motion or opposition.

**I.     Plaintiffs' Position**

Plaintiffs respectfully ask this Court not to renew the stay of this case, and instead to instruct the parties to file jointly, within one week, a proposed new schedule for discovery and summary judgment briefing. The government's funding lapse has now dragged on for nearly a month. There is good cause for the Court to reject further delay and assert its constitutional prerogative to adjudicate the case or controversy before it. *See* U.S. Const. Art. III, Sec. 1–2.

First, Plaintiffs allege that government policies and practices violate the First and Fourth Amendment rights of tens of thousands of people. These policies and practices are ongoing, notwithstanding the budget impasse. This Court denied a motion to dismiss these allegations, and it should not permit an indefinite delay of final resolution of this case.

1

Second, government reports show that 91 percent of CBP employees, 81 percent of ICE employees, and 49 percent of DOJ Civil Division employees are exempt from the current shutdown. *See* DHS, *Procedures Relating to a Lapse in Appropriations* at 35-37 (Dec. 17, 2018)[1]; DOJ, *FY 2019 Contingency Plan* at 12 (Jan. 10, 2019).[2] Additionally, as the U.S. Attorney for this District has recognized, "[c]ivil attorneys whose cases have not been stayed by the courts must also continue to work" during the pendency of the shutdown. *See* Jonathan Ng, *Federal Courts Limit Operations Amid Government Shutdown*, Boston Herald (Jan. 12, 2019).[3]

Third, courts have rejected stays of proceedings sought on grounds of government furloughs. *See, e.g., Kornitzky Grp., LLC v. Elwell*, 2019 WL 138710 (D.C. Cir. Jan. 9, 2019); *Melendres v. Penzone*, No. 07-cv-2513 (D. Ariz.), Dkt. 2355 (order of Jan. 15, 2019); *ACLU v. Dep't of Defense*, No. CV 18-154-M (D. Mont.), Dkt. 22 (order of Jan. 10, 2019); *State of N.Y. v. U.S. Dep't of Labor*, No. CV 18-1747 (D.D.C.), Dkt. 71 (order of Dec. 28, 2018); *Kravitz v. U.S. Dep't of Commerce*, No. GJH-18-1041 (D. Md.), Dkt. 95 (order of Dec. 28, 2018); *United States v. Baltimore Police Dep't*, No. 17-cv-99 (D. Md.), Dkt. 173 (order of Dec. 26, 2018); *ACLU v. Clapper*, No. 13-cv-3994 (S.D.N.Y.), Dkt. 67 (order of Oct. 15, 2013); *First Unitarian Church v. NSA*, No. 13-cv-3287 (N.D. Cal.), Dkt. 14 (order of Oct. 9, 2013).

Fourth, the Anti-Deficiency Act, 31 U.S.C. 1342, allows federal employees to work as necessary to avoid harm to property. This lawsuit alleges unconstitutional seizures of personal electronic devices and unconstitutional searches of the private data contained on them. Because "there is a 'reasonable and articulable connection between the function to be performed and . . .

---

[1] https://www.dhs.gov/sites/default/files/publications/DHS%20Procedure%20Related%20to%20a%20Lapse%20in%20Appropriations%20%2812-20-2018%29%20-%20FINAL%20..._0.pdf.

[2] https://www.justice.gov/jmd/page/file/1015676/download.

[3] https://www.bostonherald.com/2019/01/12/federal-courts-limit-operations-amid-government-shutdown/.

the protection of property,' government functions may continue." *State of N.Y. v. U.S. Dep't of Labor*, *supra* (quoting 43 Op. Att'y Gen. 293 (Jan. 16, 1981)).

Finally, as recently explained by the U.S. District Court for the Eastern District of Michigan,

> Continuing the stay will impact the Court's docket by delaying proceedings that must proceed on a reasonably expeditious basis, given the age of the case, and the relative proximity to trial or other final resolution of this matter. The Court must treat the Government like any other litigant; a corporate defendant claiming inability to fund lawyers or other necessary participants in litigation due to an intra-corporate dispute about paying them would not receive an indefinite amount of time to resolve that dispute while its case remained stayed.

*Hamama v. Adducci*, No. 17-cv-11910 (E.D. Mich.), Dkt. 512 (order of Jan. 15, 2019).

## II.    Defendants' Position

On January 4, 2019, this Court granted in part Defendants' prior motion, ECF No. 74. The Court stayed this matter through January 18, 2019, and ordered the parties to file a status report on or before that date, and Defendants could "seek [a] further stay if Department of Justice attorneys have not yet been able to resume their usual civil litigation functions." *See* ECF No. 75.  At this time, appropriations have not been restored to the Department of Justice or the defendant agencies.  As a consequence, among other things, Department of Justice attorneys have not been permitted to resume their usual civil litigation functions.  Accordingly, for the same reasons set forth in their previous Motion to Stay Discovery in Light of Lapse of Appropriations, Dkt. No. 74, Defendants request that the court stay proceedings in this matter until such time as appropriations are restored to the U.S. Department of Justice ("DOJ") and the U.S. Department of Homeland Security ("DHS") (including its component agencies Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "defendant agencies")).

In the Anti-Deficiency Act ("ADA"), Congress issued an explicit directive barring employees of the United States whose positions are funded by appropriation—including both the undersigned DOJ attorneys as well as employees of defendant agencies—from working absent appropriations, even on a voluntary basis, except in "*emergencies* involving the safety of human life or the protection of property." 31 U.S.C. §§ 1341, 1342 (emphasis added). Congress made clear that this narrow exception does not include "ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. Written guidance published by the Department's Office of Legal Counsel has also interpreted the scope of the ADA's exemption for "emergencies" narrowly in accordance with congressional intent. *See, e.g.*, Gov't Operations in the Event of a Lapse in Appropriations, 1995 WL 17216091, at *1 (O.L.C. Aug. 16, 1995) (noting the 1990 amendment to 31 U.S.C. § 1342 "clarified that the Antideficiency Act's exception for emergencies is narrow and must be applied only when a threat to life or property is imminent") (internal citation omitted). Consistent with these principles, DOJ and DHS, both of which currently lack appropriated funding, must significantly curtail their operations, including civil litigation, in order to comply with the unambiguous restrictions imposed by the ADA.[4]

---

[4] Plaintiffs' cited orders denying stays represent a small minority of court decisions. Undersigned counsel has personally sought and received numerous stays during the instant lapse of appropriations. *See, e..g, Jens Porup v. CIA*, No. 17-cv-72 (D.D.C., Order of January 17, 2019); *American Center for Law and Justice v. Dep't of State*, No. 16-cv-1751 (D.D.C., Order of January 8, 2019); *Abdisalam Wilwal et. al. v. Kirstjen Nielsen et. al.*, No. 17-cv-2835 (D.M.N.), Dkt. No. 69 (Order of January 3, 2019); *Leopold v. Dep't of State*, No. 14-cv-1760 (D.D.C., Order of December 26, 2018); *James Madison Project et. al. v. DHS*, No. 17-cv-1281 (D.D.C., Order of December 26, 2018). Moreover, contrary to Plaintiffs' cited order from the Eastern District of Michigan, Federal Defendants are distinct from private litigants in this circumstance, as only Federal employees are subject to the Anti-Deficiency Act, and accordingly barred by statute from working during a lapse of appropriations, except in certain emergencies which are not present here.

Although DOJ attorneys would endeavor to comply with any order of this Court, this Court should decline to lift the stay, consistent with, and out of respect for, Congress's instruction in the ADA and the lapse of appropriations. In particular, here, Plaintiffs have not demonstrated any "emergenc[y]," 31 U.S.C. §§ 1341, 1342, in being unable to proceed with discovery at this time. While Plaintiffs generally refer to their claims over Defendants' ongoing policies and practices, Plaintiffs' desire to conduct discovery and brief summary judgment on a schedule that fails to account for the lapse in appropriations does not constitute an imminent emergency. Nor do Plaintiffs identify any change in circumstances in the last two weeks that would warrant lifting the stay.

As noted above, DOJ attorneys have not been permitted to resume their usual civil litigation functions, and many relevant personnel such as attorneys, subject matter experts, and administrative staff at the defendant agencies are currently furloughed. This would significantly complicate the resumption of discovery and other substantive work on this matter, including but not limited to Plaintiffs' requested depositions of CBP and ICE officials, pursuant to Federal Rule of Civil Procedure 30(b)(6). Accordingly, Defendants respectfully request that the Court maintain and extend the current stay until both DOJ and the defendant agencies are permitted to resume their usual functions.

//

//

//

//

//

//

Respectfully submitted, Dated: January 18, 2019

/s/ *Nathan Freed Wessler*
NATHAN FREED WESSLER
ESHA BHANDARI
HUGH HANDEYSIDE
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (phone)
(212) 549-2583 (fax)
nwessler@aclu.org
ebhandari@aclu.org
hhandeyside@aclu.org

ADAM SCHWARTZ
SOPHIA COPE
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333 (phone)
(415) 436-9993 (fax)
adam@eff.org
sophia@eff.org

MATTHEW R. SEGAL
JESSIE J. ROSSMAN
American Civil Liberties Union Foundation
    of Massachusetts
211 Congress Street
Boston, MA 02110
(617) 482-3170 (phone)
(617) 451-0009 (fax)
jrossman@aclum.org

*Counsel for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

DIANE KELLEHER
Assistant Director, Federal Programs Branch

/*s/ Michael Drezner*
MICHAEL DREZNER
Trial Attorney
(Virginia Bar No. 83836)
United States Department of Justice
Civil Division, Federal Programs Branch
Tel.:    (202) 514-4505
Fax:    (202) 616-8470
Email: Michael.L.Drezner@usdoj.gov

   *Counsel for Defendants*

**Certificate of Service**

I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Nathan Freed Wessler*