# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL AKA ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, AND MATTHEW WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN NIELSEN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; KEVIN MCALEENAN, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY; AND RONALD VITIELLO, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY, <br><br> Defendants. | Civil Action No. 17-cv-11730-DJC <br><br> Hon. Denise J. Casper |

**DECLARATION OF PLAINTIFF AARON GACH**

1. I am an artist.

2. I am a U.S. citizen.

3. I reside in California.

4. On February 23, 2017, I arrived at San Francisco International Airport on a flight from Belgium, where I had participated in an art exhibition displaying works that could be considered critical of the government. I traveled with a locked iPhone SE smartphone.

1

5. A U.S. Customs and Border Protection ("CBP") officer directed me to a secondary inspection area, where two CBP officers asked me detailed questions about my work as an artist and the exhibition in Belgium and told me they needed to search my phone.

6. I responded that I did not want the officers to search my phone, and asked what specific information the officers were seeking. They refused to identify any information in response.

7. The CBP officers asked why I did not want to submit my phone for a search. I responded that I believe strongly in the U.S. Constitution and in my right to privacy. The officers told me that my phone would be held for an indeterminate amount of time if I did not disclose my password. The CBP officers continued to demand that I submit to a phone search, and also stated that if I unlocked the phone for them, they intended to conduct a "manual search" and not a "digital extraction," but that if I refused to unlock the phone they might copy information on the phone for later review.

8. I entered my phone password and handed over my unlocked phone.

9. The officers coerced me into unlocking my phone. The officers repeatedly demanded that I produce my phone for a search, and they told me they would keep my phone for an indeterminate amount of time if I did not unlock it for a search.

10. The officers refused to conduct a search of the phone in my presence. Instead, they took it behind a dividing wall for approximately 5 to 10 minutes.

11. The CBP officers then returned my phone and permitted me to leave the secondary inspection area. The whole inspection process took approximately two hours.

12. The ordeal made me feel intimidated, vulnerable, and violated. I felt that I was being lied to about my rights but also felt powerless to assert my rights without significant repercussions.

13. I regularly travel internationally for business and personal reasons, and carry electronic devices with me when I do so.

14. To the best of my knowledge, since January 1, 2013, I have returned to the United States from an international trip at least 7 times.

15. At the current time, I intend to continue traveling internationally for business and personal reasons.

16. I have purchased airline tickets for a trip to Frankfurt, Germany, leaving on June 19, 2019 and returning to the United States on July 4, 2019.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April _2_, 2019

Aaron Gach