# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL AKA ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, AND MATTHEW WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN NIELSEN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; KEVIN MCALEENAN, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY; AND RONALD VITIELLO, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY, <br><br> Defendants. | Civil Action No. 17-cv-11730-DJC <br><br> Hon. Denise J. Casper |

## DECLARATION OF PLAINTIFF MOHAMMED AKRAM SHIBLY

1. I am a filmmaker and a graduate student.

2. I am a U.S. citizen.

3. I currently live in Los Angeles, but I intend to depart shortly. I intend to return to New York State in the future.

4. I drove from Buffalo, New York, to Toronto, Canada, in late December 2016 for my job as a professional filmmaker. I returned on January 1, 2017, and sought to enter the United

1

States at the Lewiston-Queenston Bridge in New York. I was traveling with a locked iPhone 6+ smartphone.

5. At the customs checkpoint, a U.S. Customs and Border Protection ("CBP") officer directed me to a secondary inspection area, where officers told me to fill out a form with information that included, among other things, my phone's password. I left that line of the form blank. A CBP officer examined the completed form and ordered me to provide my password. I told the officer that I did not feel comfortable doing so. In an accusatory manner, the officer told me that if I had nothing to hide, then I should unlock my phone.

6. I disengaged the lock screen of my phone, which the officer then took from me.

7. I was coerced into unlocking my phone. I understood, based on the CBP officer's tone and demeanor, that the officer was commanding me to disclose my password. I feared that if I refused to unlock my phone, the officer would assume I had done something wrong and treat me accordingly. Among other things, I feared that if I refused to unlock my phone, the officer would detain me for the rest of the day.

8. The CBP officer took my phone out of my sight for at least one hour.

9. A CBP officer also coerced me into disclosing my social media identifiers.

10. A CBP officer then returned my phone and permitted me to leave the customs inspection building.

11. On January 4, 2017, I again drove from Buffalo, New York to the Toronto area for a social outing. I returned later that day and again sought to enter the United States at the Lewiston-Queenston Bridge in New York. I was traveling with the same iPhone 6+ smartphone, but this time it was not locked, because I had not restored the lock screen that I had disengaged during the prior border crossing on January 1, 2017.

12. At the customs checkpoint, a CBP officer again directed me to a secondary inspection area inside the border station. There, a CBP officer ordered me to hand over my phone. I declined to do so, since officers had seized and searched my phone only three days earlier.

13. Three CBP officers approached me and used physical force to seize my phone. One of the officers squeezed his hand around my throat, causing me to suffer great pain and fear of death. Another officer restrained my legs, and a third officer pulled my phone from my pocket. Additional officers stood in a circle around me. At no time did I physically resist.

14. A CBP officer took my unlocked phone to a separate room, out of my sight, for approximately 15-20 minutes.

15. A CBP officer returned my phone and allowed me to leave the customs inspection building.

16. These searches violated my privacy. I felt abused and unwelcome returning home. I felt like CBP invaded my personal and professional life, and to this day I am still traumatized by these invasive practices.

17. I regularly travel internationally for personal and business reasons, and carry electronic devices with me when I do so.

18. To the best of my knowledge, since January 1, 2013, I have returned to the United States from an international trip at least 18 times.

19. At the current time, I intend to continue traveling internationally for business and personal reasons.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 19, 2019

_____
Mohammed Akram Shibly

3