# EXHIBIT 20

**From:** ▮
**Sent:** Friday, May 11, 2018 5:19 PM
**To:** ▮

**Subject:** (0476-18) Broadcast- Legal Update- Border Search of Electronic Devices

# HSI — HOMELAND SECURITY INVESTIGATIONS
## Message from the AD of Domestic Operations

### Legal Update - Border Search of Electronic Devices

On May 9, 2018, in *United States v. Kolsuz*, the U.S. Court of Appeals for the Fourth Circuit held that the "forensic" examination of a cell phone is a nonroutine border search, requiring some measure of individualized suspicion. --- F.3d ---, 2018 WL 2122085 (4th Cir. 2018). The court, however, determined that it need not resolve whether the proper standard should be reasonable suspicion or probable cause and a warrant.

Although the Office of the Principal Legal Advisor (OPLA) advises Homeland Security Investigations (HSI) nationwide that it should have reasonable suspicion before performing an advanced search of an electronic device (any border search of an electronic device in which external equipment, through a wired or wireless connection, is connected to an electronic device not merely to gain access to the device or its contents but to review, copy, and/or analyze its contents), <u>this decision creates binding precedent in the jurisdiction of the U.S. Court of Appeals for the Fourth Circuit that at least some level of individualized suspicion is required for such searches</u>; the only other circuit to have required this standard is the Ninth Circuit Court of Appeals. *See U.S. v. Cotterman*, 709 F.3d 952 (9th Cir. 2013 (en banc).

Formal policy guidance with regard to border searches of electronic devices is forthcoming. In the interim, in order to limit litigation risk, HSI Special Agents and others authorized by HSI to perform border searches, even outside of the Fourth and Ninth Circuits, should no longer perform advanced border searches of electronic

devices without reasonable suspicion. All factors supporting such a standard should be documented in reports of investigation.

If you have any questions on this matter, please contact OPLA imbed counsel.

**Limitation on the Applicability of this Guidance.** This message is intended to provide internal guidance to the operational components of U.S. Immigration and Customs Enforcement. It does not, is not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any person in any matter, civil or criminal.

Thanks,

*Tatum King*
*Assistant Director, Domestic Operations*
*Homeland Security Investigations*

HSI Domestic Operations / MW
500 12th Street SW, 6th Floor
Washington, D.C. 20536
Email –