# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL aka ISMA'IL KUSHKUSH, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, MATTHEW WRIGHT, and DIANE MAYE ZORRI,

      Plaintiffs,

v.

KEVIN McALEENAN, Secretary of the U.S. Department of Homeland Security, in his official capacity; JOHN SANDERS, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and MATTHEW T. ALBENCE, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,

      Defendants.

Civil Action No. 17-cv-11730-DJC

Hon. Denise J. Casper

## ASSENTED-TO MOTION TO FILE UNDER SEAL RECORDS COVERED BY PROTECTIVE ORDER

Plaintiffs hereby move pursuant to Local Rule 7.2 to file under seal and impound the following exhibit in support of their motion for summary judgment: Exhibit 47, which comprises excerpts of records from the TECS database provided in discovery by U.S. Customs and Border Protection ("CBP") and from a Homeland Security Investigations Digital Forensic Report provided in discovery by U.S. Immigration and Customs Enforcement ("ICE"). In support of this motion, Plaintiffs assert as follows:

    1.      Pursuant to Fed. R. Civ. P. 26(c), on September 18, 2018, this Court adopted the parties' protective order governing discovery in this case. ECF No. 69. The protective order

provides that a party may designate records produced in discovery as confidential, *id.* § 1(a)–(b), and establishes a procedure for the parties to resolve disputes over the proper scope of such designations, *id.* § 3. The protective order further provides that "[i]f a party's pleadings, briefs, exhibits thereto, or other court papers ("papers") contain Covered Information, that party shall file a complete copy of such papers under seal." *Id.* § 6(a).

2.      In discovery, Defendants marked certain records as confidential and subject to protective order. Following the close of discovery, Plaintiffs challenged certain of those designations via letter to Defendants, and the parties negotiated a mutually agreeable resolution whereby certain records were removed from the coverage of the protective order and others remain.

3.      Exhibit 47 to Plaintiffs' Motion for Summary Judgment comprises records that are material to Plaintiffs' motion and that the parties have agreed should remain confidential under the protective order. Specifically, Exhibit 47 comprises excerpts of records from the TECS database provided by CBP and from a Homeland Security Investigations Digital Forensic Report provided by ICE. These are records created by Defendants describing interactions with Plaintiffs at the U.S. border, including details about searches of Plaintiffs' electronic devices.

4.      These records should remain subject to the protective order and be filed under seal because they include information that is covered by the Privacy Act (including information about persons other than the Plaintiffs) and personally identifiable information about Plaintiffs and others that is sensitive and could, if released, expose these individuals to harm. Certain of these records also include Defendants' narrative descriptions of information their officers observed during the search of the contents of several of Plaintiffs' cell phones, which this action seeks to expunge. *See* Pls. Exh. 47 at Bates 340, 351, 355, 359, 691, 711, 849, 873, 878; *see also*

ECF No. 7 (Am. Compl.) at Prayer for Relief § I (seeking expungement of "all information gathered from, or copies made of, the contents of Plaintiffs' electronic devices"). Public release of that information would effect the very harm that this suit is intended to address.

5. Pursuant to an agreement with opposing counsel, the characterizations of the contents of these records that appear in the Plaintiffs' Statement of Undisputed Material Facts ("SUMF") and Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment ("MSJ Brief") are not subject to the protective order, and therefore the SUMF and MSJ Brief are not being filed under seal.

6. As discussed with this Court's Courtroom Clerk via telephone on April 29, 2019, Plaintiffs are delivering a copy of the sealed material to this Court via hand delivery on CD.

WHEREFORE, Plaintiffs request that this motion be granted, and that Plaintiffs be permitted to file Exhibit 47 to their Motion for Summary Judgment under seal. Counsel for Defendants has assented to the relief sought in this motion.

Respectfully submitted:                                                         Dated: April 30, 2019

| Adam Schwartz * | */s/Esha Bhandari* | Jessie J. Rossman |
|---|---|---|
| Sophia Cope* | Esha Bhandari* | BBO #670685 |
| Saira Hussain* | Hugh Handeyside* | Matthew R. Segal |
| ELECTRONIC FRONTIER FOUNDATION | Nathan Freed Wessler* | BBO #654489 |
| 815 Eddy Street | AMERICAN CIVIL LIBERTIES UNION FOUNDATION | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS |
| San Francisco, CA 94109 | 125 Broad Street, 18th Floor | 211 Congress Street |
| (415) 436-9333 (phone) | New York, NY 10004 | Boston, MA 02110 |
| (415) 436-9993 (fax) | (212) 549-2500 (phone) | (617) 482-3170 (phone) |
| adam@eff.org | (212) 549-2583 (fax) | (617) 451-0009 (fax) |
| sophia@eff.org | ebhandari@aclu.org | jrossman@aclum.org |
| saira@eff.org | hhandeyside@aclu.org | msegal@aclum.org |
|  | nwessler@aclu.org |  |

*Admitted *pro hac vice*
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2019, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record. I also certify that a copy of the exhibit to be filed under seal will be sent to counsel for Defendants on the same date on CD via UPS next day delivery.

*/s/ Esha Bhandari*
Esha Bhandari