# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL AKA ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, AND MATTHEW WRIGHT,

Plaintiffs,

v.

KIRSTJEN NIELSEN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; KEVIN MCALEENAN, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY; AND RONALD VITIELLO, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY,

Defendants.

Civil Action No. 17-cv-11730-DJC

Hon. Denise J. Casper

## JOINT STATEMENT OF STIPULATED FACTS

Counsel for the parties have conferred and submit the following stipulated facts:

1. U.S. Customs and Border Protection ("CBP") Directive No. 3340-049A (issued January 4, 2018) defines an 'advanced' search as any search in which an officer connects external equipment, through a wired or wireless connection, to an electronic device, not merely to gain access to a device, but to review, copy and/or analyze its contents. The same directive defines a 'basic' search as a search of an electronic device that does not qualify as an advanced search. U.S. Immigration and Customs Enforcement ("ICE") uses the same definitions of a basic and an advanced search as CBP.

2. When conducting a basic search, as defined in CBP's policy, officials conducting border searches are able to search content from allocated space physically resident on an

1

electronic device that is accessible using the native operating system of the device, including but not limited to its native graphical user interface and/or touchscreen.

3. When conducting a basic search, as defined in CBP's policy, officials are able to use the native search functions in the native operating system of the device, such as a keyword search tool, if there is one.

4. Basic searches of electronic devices, as defined in CBP's policy, can extend to any allocated file or information that is resident on the device and accessible using the device's native operating system.

5. Separate from the primary content stored on them, some electronic devices may also store data related to that content—such as the date and time associated with the content, usage history, sender and receiver information, or location data. That content may be revealed during a basic search, as defined in CBP's policy, depending on the type of device, the operating system, the relevant settings, and the applications used to create and/or maintain the data being searched.

6. Depending on the equipment, procedures, and techniques used, advanced searches of electronic devices, as defined in CBP's policy, are generally capable of revealing everything a basic search may reveal.

7. Depending on the type of device, the operating system, the relevant settings, and the applications used to create and/or maintain the data being searched, advanced searches, as defined in CBP's policy, may reveal data related to content stored on an electronic device, such as the date and time associated with the content, usage history, sender and receiver information, or location data.

8. An advanced search of an electronic device, as defined in CBP's policy, depending on the equipment, procedures, and techniques used, may be capable of revealing deleted or other data in unallocated storage space and password-protected or encrypted data.

9. Digital data can be posted, shared, or transmitted via the Internet, and stored on electronic devices.

10. To the extent consistent with the applicable system of records notice, ICE and CBP can retain information from a device in any of their record keeping systems when an electronic device search reveals information relevant to immigration, customs, or other laws enforced by the Department of Homeland Security.

11. To the extent consistent with the applicable system of records notice, CBP and ICE officials can maintain written notes or reports or document impressions relating to a border encounter. CBP documents relevant information regarding border inspections, including both basic and advanced searches of electronic devices, in its primary law enforcement system, TECS. CBP officers document border searches of electronic devices in the 'Electronic Media Report' module of TECS. These TECS records may

include notes on information collected from electronic devices pursuant to a border search, consistent with CBP Directive No. 3340-049A.

12. Officials conducting an advanced search, as defined in CBP policy, may be able to copy all information physically resident on the device or may be limited to only certain files, depending on the search equipment, procedures, and techniques used.

13. CBP conducted the following number of border searches of electronic devices in each of the identified fiscal years:

    - FY 2018 – 33,295
    - FY 2017 – 30,524
    - FY 2016 – 19,051
    - FY 2015 – 8,503
    - FY 2014 – 6,029
    - FY 2013 – 5,709
    - FY 2012 – 5,085

In FY 2017, approximately 0.007% of arriving international travelers processed by CBP officers had their electronic devices searched. In FY 2017, CBP processed more than 397 million arriving international travelers and searched the devices of more than 29,200 of them.

14. ICE conducts both basic and advanced searches of electronic devices, as defined in CBP's policy. ICE does not maintain records of the number of basic searches it conducts.

15. ICE records all instances in which its Computer Forensics Agents or Analysts (CFA) conduct advanced searches, as defined in CBP policy. ICE conducted the following number of advanced searches of electronic devices in each of the identified fiscal years:

    - FY 2018 – 483
    - FY 2017 – 681
    - FY 2016 – 726
    - FY 2015 – 888
    - FY 2014 – 850
    - FY 2013 – 789
    - FY 2012 – 825

For plaintiffs:

*/s/ Sophia Cope/*

Dated: March 1, 2019

ADAM SCHWARTZ
SOPHIA COPE
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333 (phone)
(415) 436-9993 (fax)
adam@eff.org
sophia@eff.org

ESHA BHANDARI
HUGH HANDEYSIDE
NATHAN FREED WESSLER
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500 (phone)
(212) 549-2583 (fax)
ebhandari@aclu.org
hhandeyside@aclu.org
nwessler@aclu.org

MATTHEW R. SEGAL
JESSIE J. ROSSMAN
American Civil Liberties Union Foundation
    of Massachusetts
211 Congress Street
Boston, MA 02110
(617) 482-3170 (phone)
(617) 451-0009 (fax)
jrossman@aclum.org

*Attorneys for Plaintiffs*

For defendants:

*/s/ Michael Drezner/*

Dated: March 4, 2019

U.S. DEPARTMENT OF JUSTICE

JOSEPH H. HUNT
Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

DIANE KELLEHER
Assistant Director, Federal Programs Branch

Marsha Stelson Edney
Senior Trial Counsel
Michael Drezner
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Division/Federal Programs
Mail:  P.O. Box 883
Washington, DC 20530
Street: 20 Massachusetts Avenue, N.W.,
Rm. 7146
Washington, DC 20001
T: (202) 514-4505
Email: Michael.Drezner@usdoj.gov

*Attorneys for Defendants*