# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL AKA ISMA'IL KUSHKUSH, DIANE MAYE, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY, AND MATTHEW WRIGHT, <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN NIELSEN, SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IN HER OFFICIAL CAPACITY; KEVIN MCALEENAN, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, IN HIS OFFICIAL CAPACITY; AND RONALD VITIELLO, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, IN HIS OFFICIAL CAPACITY, <br><br> Defendants. | Civil Action No. 17-cv-11730-DJC <br><br> Hon. Denise J. Casper |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, Defendants, by and through undersigned counsel submit their Objections and Responses to Plaintiffs' First Set of Interrogatories To All Defendants.

1

Defendants further object insofar as this interrogatory suggests that Defendants are not permitted to detain or seize "digital contraband" unless they can guarantee that such items are not available on the Internet or from other sources. Subject to these objections, Defendants state as follows:

Defendants are aware that digital contraband may in certain circumstances be accessible from the United States via the internet.

**INTERROGATORY NO. 6**

For each of the fiscal years since FY 2012, provide 1) the number of device confiscations by U.S. Customs and Border Protection ("CBP"), 2) the number of basic searches of devices by CBP, 3) the number of advanced searches of devices by CBP, 4) the number of device confiscations by U.S. Immigration and Customs Enforcement.

Defendants' Response: Defendants object to this interrogatory's use of the terms "basic searches" and "advanced searches" to cover information that predates the establishment of definitions for those terms in CBP's January 2018 Directive. In addition, the term "confiscations" is undefined and has no commonly accepted meaning in this context. Prior to CBP's January 2018 Directive, Defendant CBP did not, as a matter of policy, categorize searches of electronic devices as "basic" or "advanced." Subject to these objections, Defendants respond as follows:

Based on available data from CBP records, CBP estimates that it detained the following number of electronic devices after a traveler departed the port of entry or other location of inspection, in each of the identified fiscal years:

- FY 2012 – 8
- FY 2013 – 36
- FY 2014 – 32
- FY 2015 – 21
- FY 2016 – 131

6

- FY 2017 – 200

- FY 2018 (through 9/15/2018) – 172

Based on available data from CBP records, CBP estimates that it conducted basic searches of electronic devices in the following number of incidents, in each of the identified fiscal years:

- FY 2012 – 3,182

- FY 2013 – 3,561

- FY 2014 – 4,314

- FY 2015 – 6,618

- FY 2016 – 16,914

- FY 2017 – 27,701

- FY 2018 (through 9/15/2018) – 28,429

Based on available data from CBP records, CBP estimates that it conducted advanced searches of electronic devices in the following number of incidents, in each of the identified fiscal years:

- FY 2012 – 2,285

- FY 2013 – 2,444

- FY 2014 – 1,921

- FY 2015 – 2,090

- FY 2016 – 2,394

- FY 2017 – 2,685

- FY 2018 (through 9/15/2018) – 3,485

ICE does not maintain statistics on "device confiscations," but only the number of searches, each of which may involve more than one device, and may not amount to a "confiscation" in any

event.

**INTERROGATORY NO. 7**

Identify and describe all the types of information about a traveler that a border officer may see or have access to at a port of entry, including at primary and secondary inspection, and including whether or not the traveler has previously been subject to a device search or confiscation.

Defendants' Response: Defendants object to this interrogatory as vague, overly broad, and disproportionate to the needs of the case to the extent it seeks "all" types of information and fails to define "types" of information or "have access to", and further objects to the term "confiscation" as that is not a term used by defendant agencies. In addition, the term "border officer" is not a term used by defendant agencies; therefore Defendants interpret the term to refer to an official employed by Defendants that conducts border searches of electronic devices pursuant to the Defendants' applicable policies. *See* CBP Directive 3340-049A and ICE Directive 10044. Defendants further object to this Request to the extent it seeks information protected by the law enforcement privilege. Subject to these objections, Defendants state as follows:

The type of information about a traveler that is available to the inspecting CBP officer may vary depending on the location and environment in which CBP encounters the traveler. For example, in the air and sea environment, CBP generally obtains certain information about individuals traveling to the U.S. on commercial or private aircraft, as well as commercial vessels, through CBP's Advance Passenger Information System (APIS). Unlike in the air/sea travel environment, CBP does not generally receive advance travel information regarding individuals traveling to the U.S. by foot (pedestrian) or by private vehicle prior to their arrival at a port of entry.

Upon arrival in the United States, individuals are generally required to present themselves to CBP at the port of entry's primary arrival location (known as primary). At primary, the CBP

8

As to Responses see attached signature pages.

Dated: October 5, 2018                                            As to objections,


                                                                 JOSEPH H. HUNT
                                                                 Assistant Attorney General

                                                                 JIM GILLIGAN
                                                                 Acting Director, Federal Programs Branch

                                                                 DIANE KELLEHER
                                                                 Assistant Director, Federal Programs Branch

                                                                 MARSHA STELSON EDNEY
                                                                 Senior Trial Counsel

                                                                 */s/ Michael Drezner*
                                                                 MICHAEL L. DREZNER
                                                                 Trial Attorney, U.S. Department of Justice
                                                                 Civil Division, Federal Programs Branch
                                                                 1100 L. St., NW Rm. 12210
                                                                 Washington, DC 20005
                                                                 Telephone: (202) 514-4505
                                                                 Facsimile: (202) 616-8470
                                                                 Michael.L.Drezner@usdoj.gov

                                                                 *Counsel for Defendants*

## VERIFICATION

With respect to information pertaining to U.S. Immigration and Customs Enforcement, based on information that I obtained in the course of my official duties, I declare under penalty of perjury that the foregoing responses to these Interrogatories are true and correct to the best of my knowledge, information and belief.

Date: 10/5/18

Signature: _____
Robert M. Kurtz
Acting Deputy Assistant Director
Cyber Crimes Center
U.S. Immigration and Customs Enforcement
On Behalf of ICE

## VERIFICATION

With respect to information pertaining to U.S. Customs and Border Protection, based on information that I obtained in the course of my official duties, I declare under penalty of perjury that the foregoing responses to these Interrogatories are true and correct to the best of my knowledge, information and belief.

Date: 10/5/18

Signature: _____
Randy J. Howe
Executive Director, Operations
Office of Field Operations
U.S. Customs and Border Protection
On Behalf of CBP