IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GHASSAN ALASAAD, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 17-cv-11730-DJC |
| v. | ) |
| | ) |
| CHAD F. WOLF, Acting Secretary of the U.S. Department of Homeland Security, in his official capacity, et al.,[1] | ) Hon. Denise J. Casper |
| | ) |
| Defendants. | ) |
| | ) |

## JOINT STATEMENT REGARDING RELIEF

Pursuant to this Court's November 12, 2019, order, the parties hereby file this joint statement addressing what "further action the parties seek to have the Court take in regard to any relief sought, entering judgment or otherwise." ECF No. 110.

### I.  Plaintiffs' Position on Relief

Plaintiffs continue to seek both declaratory and injunctive relief in this case. *See* Am. Compl., ECF No. 7, at 40–42. As to declaratory relief, Plaintiffs respectfully ask the Court to enter judgment granting the declaratory relief specified in the Memorandum and Order, ECF No. 109, at 46–47:

> the Court declares that the CBP and ICE policies for "basic" and "advanced" searches, as presently defined, violate the Fourth Amendment to the extent that the policies do not require reasonable suspicion that the devices contain contraband for both such classes of non-cursory searches and/or seizure of electronic devices; and that the non-cursory searches and/or seizures of Plaintiffs' electronic devices, without such reasonable suspicion, violated the Fourth Amendment.

As to injunctive relief, Plaintiffs respectfully ask the Court to enter the following injunction, in order to prevent Defendants from searching the data on any Plaintiff's electronic device at the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Wolf is automatically substituted as a Defendant in this action.

1

border without reasonable suspicion that the device contains contraband:

> The Court enjoins Defendants from searching or seizing any electronic device belonging to a Plaintiff during any encounter with a Plaintiff at the border or functional equivalent of the border, unless Defendants have reasonable suspicion that the device contains digital contraband. Should Defendants conduct any search or seizure of a Plaintiff's electronic device at the border based on reasonable suspicion that the device contains digital contraband, the Court further enjoins Defendants from detaining the device longer than a reasonable period that allows for an investigatory search for that digital contraband.

This relief is appropriate. Plaintiffs seek to enjoin Defendants from conducting unconstitutional searches of Plaintiffs' electronic devices at any United States port of entry, wherever located. It is well established that "the District Court in exercising its equity powers may command persons properly before it to cease or perform acts outside its territorial jurisdiction." *Steele v. Bulova Watch Co.*, 344 U.S. 280, 289 (1952). Because Plaintiffs seek an injunction preventing Defendants from committing further violations of Plaintiffs' own Fourth Amendment rights, the requested relief is squarely within this Court's equitable power.

"The standard for issuing a permanent injunction requires the district court to find that (1) plaintiffs prevail on the merits; (2) plaintiffs would suffer irreparable injury in the absence of injunctive relief; (3) the harm to plaintiffs would outweigh the harm the defendant would suffer from the imposition of an injunction; and (4) the public interest would not be adversely affected by an injunction." *Asociación de Educación Privada de P.R., Inc. v. García-Padilla*, 490 F.3d 1, 8 (1st Cir. 2007). All four elements strongly favor granting an injunction here.

First, Plaintiffs have prevailed on the merits. *See* ECF No. 109, at 46–48.

Second, an unconstitutional search constitutes "an irreparable intrusion upon [one's] fourth amendment rights." *Metal Bellow Corp.*, No. 78-1038, 1978 WL 17167, at *1 (1st Cir. Feb. 2, 1978); *accord Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009) (granting preliminary injunction for violation of Fourth Amendment rights, and observing that "the loss of constitutional freedoms, 'for even minimal periods of time, unquestionably constitutes irreparable

2

injury.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion))); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (same). Once a government agent has viewed private information on a plaintiff's electronic device, no court can "unring the bell," *Maness v. Meyers*, 419 U.S. 449, 460 (1975). The harm of intrusion into one's private affairs—whether personal photos, journalistic materials, attorney-client privileged communications, sensitive work files, or otherwise, *see* ECF No. 109, at 5–6—is effected at the moment of search, and no remedy at law is sufficient to repair the injury.

Third, the threat to Plaintiffs' Fourth Amendment rights tips the balance of hardships in their favor. Defendants cannot show that they will be harmed by a narrow injunction obliging them to refrain from searching Plaintiffs' electronic devices in violation of this Court's opinion and order. Plaintiffs, however, are at serious risk of harm. As this Court found, Defendants persisted in subjecting Plaintiffs to unconstitutional searches of their electronic devices even well after the filing of suit in this very case. ECF No. 109, at 5 (detailing searches of Zainab Merchant's and Suhaib Allababidi's devices in September 2018 and July 2019). In Merchant's case, one such search involved "a CBP officer viewing communications between her and her lawyer." ECF No. 109, at 6. There is sound reason to enter an injunction to protect against further violations.

Finally, "the public interest supports requiring the Government to obey the Constitution." *Reid v. Donelan*, 390 F. Supp. 3d 201, 227 (D. Mass. 2019); *see also Reaves v. Dep't of Correction*, 195 F. Supp. 3d 383, 427 (D. Mass. 2016) ("[I]t would be a collective disservice to every citizen . . . to allow ongoing violations of federal law."). As this Court held, Defendants' non-cursory border searches of electronic devices violate the Fourth Amendment unless based on reasonable suspicion of digital contraband. ECF No. 109, at 46–47. The public interest favors the entry of an injunction requiring that border searches, and seizures, of Plaintiffs' electronic devices be conducted pursuant to constitutional requirements; "it is always in the public interest to prevent

3

the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002.

## II. Defendants' Position on Relief

Defendants respectfully disagree with the Court's holding but as requested Defendants state their position on the scope of relief as follows. Defendants state that the appropriate scope of any declaratory relief in this matter should be limited to the entry of a final declaratory judgment as set forth in this Court's Memorandum and Order, and as quoted by Plaintiffs' above. Defendants also state that the appropriate scope of any injunctive relief in this matter should be limited to the entry of injunctive relief as to the eleven plaintiffs in this case, as set forth above by Plaintiffs, assuming that the injunctive relief so proposed applies only to "non-cursory searches" as described in the Court's Memorandum and Opinion. *See* Memorandum at 30, 47, ECF No. 109. Defendants reserve all rights concerning any potential motion for reconsideration or appeal of this Court's determination as to the merits of this case. In other words, while Defendants are, in their deliberations, giving due consideration to the Court's Opinion, Defendants' position as to relief here should not be construed as a concession on the merits and does not constitute a waiver of any potential argument concerning this Court's Memorandum and Opinion.

In the interest of transparency, Defendants also set forth their intended course of action with regard to the relief proposed by Plaintiffs. First, as to the proposed injunction concerning the eleven Plaintiffs, the Defendants have already taken steps to ensure immediate compliance with such an injunction: that is, ensuring compliance with respect to the eleven Plaintiffs in this matter. Second, if this Court chooses to enter a final declaratory judgment, as set forth above by Plaintiffs, Defendants do not view the declaratory judgment as requiring them to change their policies or practices except as to the Plaintiffs. *See Ulstein Maritime, Ltd. v. United States,* 833 F.2d 1052, 1055 (1st Cir. 1987) ("A declaratory judgment states the existing rights in a controversy, but does not, in itself, coerce any party or enjoin any future action.").

Dated: November 19, 2019                                Respectfully submitted,

| | |
|---|---|
| ESHA BHANDARI<br>HUGH HANDEYSIDE<br>*/s/ NATHAN FREED WESSLER*<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500 (phone)<br>(212) 549-2583 (fax)<br>ebhandari@aclu.org<br>hhandeyside@aclu.org<br>nwessler@aclu.org<br><br>ADAM SCHWARTZ<br>SOPHIA COPE<br>SAIRA HUSSAIN<br>Electronic Frontier Foundation<br>815 Eddy Street<br>San Francisco, CA 94109<br>(415) 436-9333 (phone)<br>(415) 436-9993 (fax)<br>adam@eff.org<br>sophia@eff.org<br>saira@eff.org<br><br>MATTHEW R. SEGAL<br>JESSIE J. ROSSMAN<br>American Civil Liberties Union Foundation<br>   of Massachusetts<br>211 Congress Street<br>Boston, MA 02110<br>(617) 482-3170 (phone)<br>(617) 451-0009 (fax)<br>jrossman@aclum.org<br><br>*Attorneys for Plaintiffs* | U.S. DEPARTMENT OF JUSTICE<br><br>JOSEPH H. HUNT<br>Assistant Attorney General<br><br>JOHN R. GRIFFITHS<br>Director, Federal Programs Branch<br><br>DIANE KELLEHER<br>Assistant Director, Federal Programs Branch<br><br>MARSHA STELSON EDNEY<br>Senior Trial Counsel<br>*/s/ MICHAEL L. DREZNER*<br>Trial Attorney<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division/Federal Programs<br>Street:  1100 L. Street NW<br>Rm. 12210<br>Washington, DC 20005<br>T: (202) 514-4505<br>Email: Michael.Drezner@usdoj.gov<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2019, a copy of the foregoing was filed electronically via the Court's ECF system, which effects service upon counsel of record.

*/s/ Nathan Freed Wessler*
Nathan Freed Wessler
