UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GHASSAN ALASAAD, NADIA ALASAAD, SUHAIB ALLABABIDI, SIDD BIKKANNAVAR, JÉRÉMIE DUPIN, AARON GACH, ISMAIL ABDEL-RASOUL a/k/a ISMA'IL KUSHKUSH, DIANE MAYE ZORRI, ZAINAB MERCHANT, MOHAMMED AKRAM SHIBLY and MATTHEW WRIGHT, ) ) ) ) ) ) ) ) ) ) |  |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) ) | No. 17-cv-11730-DJC |
| KIRSTJEN NIELSEN, Secretary of the U.S. Department of Homeland Security, in her official capacity; KEVIN McALEENAN, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and THOMAS HOMAN, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity, | ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) ) ) |  |

## **JUDGMENT**

**CASPER, J.**                                                                                    **November 21, 2019**

Having considered the parties' Joint Statement Regarding Relief, D. 111, and in light of the Court's Memorandum and Order regarding the parties' motions for summary judgment, D. 109, the Court enters judgment as follows:

1. Having allowed in part and denied in part Plaintiffs' motion for summary judgment, D. 90, and denied Defendants' motion for summary judgment, D. 96, the Court enters

judgment for Plaintiffs to that extent as explained in the Court's Memorandum and Order, D. 109;

2. As to the declaratory relief Plaintiffs seek, D. 111 at 1, and consistent with the Court's Memorandum and Order, D. 109 at 46-47, the Court grants declaratory judgment as follows:

> the Court declares that the CBP and ICE policies for 'basic' and 'advanced' searches, as presently defined, violate the Fourth Amendment to the extent that the policies do not require reasonable suspicion that the devices contain contraband for both such classes of non-cursory searches and/or seizure of electronic devices; and that the non-cursory searches and/or seizures of Plaintiffs' electronic devices, without such reasonable suspicion, violated the Fourth Amendment;

3. As to the injunctive relief Plaintiffs seek, D. 111 at 1-4, the Court concludes that Plaintiffs, on this record, have satisfied the legal standard for the injunctive relief they seek, id. at 2, where Plaintiffs have prevailed on the merits, Plaintiffs would suffer irreparable harm in the absence of the injunctive relief they seek, the balance of harms between the parties weighs in favor of granting the injunctive relief sought and the public interest weighs in favor of such relief as well, id. at 2-4, and, accordingly, the Court:

> enjoins Defendants from searching or seizing any electronic device belonging to a Plaintiff during any encounter with a Plaintiff at the border or functional equivalent of the border, unless Defendants have reasonable suspicion that the device contains contraband. Should Defendants conduct any search or seizure of a Plaintiff's electronic device at the border based on reasonable suspicion that the device contains contraband, the Court further enjoins Defendants from detaining the device longer than a reasonable period that allows for an investigatory search for that contraband.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge